UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:12-CR-801 |
| | § | |
| EUGENIO ESTEVEZ-RONDON | § | |

### ORDER DENYING MOTION FOR MODIFICATION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(C)(2)

Before the Court is Eugenio Estevez-Rondo's motion for modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2). (D.E. 26). The motion is DENIED.

### BACKGROUND

Estevez-Rondon was found in Premont, Texas by Border Patrol Agents in September 2012. He admitted he was a citizen of the Dominican Republic and that he had entered the United States illegally. Border Patrol Agents determined that he had previously been deported from the United States in January 2011, after serving a federal sentence for drug trafficking. (D.E. 1). Estevez-Rondon was arrested for Illegal Reentry. Id.

Estevez-Rondon made his initial appearance in federal court the following day and was appointed counsel. (D.E. 4, Minute Entry September 17, 2012). He was indicted three weeks later and arraigned shortly thereafter. (D.E. 8, Minute Entry October 16, 2012). Estevez-Rendon pled guilty pursuant to a plea agreement with the government in which the government agreed to recommend that he receive maximum credit for acceptance of responsibility and to recommend a sentence within the applicable

sentencing guidelines. (D.E. 15 at ¶ 2). Estevez-Rondon entered his guilty plea to a federal Magistrate Judge. (D.E. 13, 14). This Court accepted his guilty plea and ordered preparation of a Presentence Investigation Report (PSR). (D.E. 16, 17). Sentencing was held in February 2013. (D.E. 24). Estevez was sentenced to 46 months in the Bureau of Prisons. (Id.).

## ANALYSIS

In his present motion, Estevez-Rondon requests that his sentence be modified pursuant to 18 U.S.C. § 3582(c). He claims that the disparities between his sentence and the sentences of those sentenced in districts that have implemented fast track programs are unwarranted, and his return to Santo Domingo will impose substantial hardships on him because his family and friends live legally in the United States. He claims that he has lived in the United States since he was 29 years old. He is now 49 years old.[1]

As an initial matter, Estevez-Rondon's claim that fast track disparities may be considered in mitigation of his sentence is foreclosed by binding Fifth Circuit precedent. The Fifth Circuit recently held that a claim that a defendant deserves a lesser sentence based upon the disparity in sentences between those jurisdiction with fast track early disposition programs and those without is foreclosed by its previous decision in *United States v. Gomez-Herrera*, 523 F.3d 554, 562-63 & n.4 (5th Cir. 2008). *United States v.*

---

[1] The PSR prepared by the Probation Department based upon Estevez-Rondon's statements reveals that he entered the United States legally, but his status expired in 1996. He returned to the Dominican Republic where he lived until he illegally returned to the United States in 2002. All but one of his seven children live in the United States; one lives in Santo Domingo. Estevez-Rondon reported that at the time of his sentencing, he had a romantic relationship with a woman who lives in Santo Domingo. (*Id*. at ¶¶ 27-31). Five of Estevez-Rondon's siblings live in Santo Domingo; three live in Pennsylvania, and one lives in Spain. (*Id*.).

*Castillo-Garcia*, 469 Fed. App'x. 389, 392 (5th Cir., Apr. 13, 2012) (per curiam) (designated unpublished);[2] *United States v. Uribe-Almaraz*, No. 11-50491, 464 Fed. App'x. 321-22 (5th Cir., Mar. 13, 2012) (per curiam) (designated unpublished). This claim is without merit.

It is black-letter law that a federal court generally "may not modify a term of imprisonment once it has been imposed." *Dillon v. United States*, — U.S.----, 130 S. Ct. 2683, 2687 (2010). A district court may resentence a defendant whose conviction has become final only pursuant to the circumstances set out in 18 U.S.C. § 3582. These circumstances are: (1) upon a motion for reduction by the Director of the Bureau of Prisons, after review of the relevant statutory factors, if there are "extraordinary and compelling factors" warranting such a reduction; (2) to the extent otherwise expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure; and (3) if the defendant was sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission and such a reduction would be consistent with the Commission's policy statements. *United States v. Ross*, 557 F.3d 237, 238 (5th Cir. 2009); 18 U.S.C. § 3582(c).

Estevez-Rondon does not fit within the exceptions provided by § 3582(c). This Court has no authority to resentence him.

---

[2] "In *Gomez–Herrera*, we confirmed that '[s]entencing courts are still constrained by Congressional policies.'" *Id.* "In that case, a defendant challenged his sentence by arguing that the district court should have been permitted to consider the sentencing disparity between districts that had 'fast-track' programs (with a corresponding sentence reduction) and those that did not have such programs. We held that, because this disparity was intended by Congress, it was not 'unwarranted' and was not by itself a permissible reason to vary from the Guidelines." *Id.*

## CONCLUSION

The Court DENIES Estevez-Rondon's motion for modification of his sentence (D.E. 26) pursuant to 18 U.S.C. § 3582(c)(2)

ORDERED this 27th day of August, 2013.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE